IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM HOWARD EUBANKS,           ) | |
| )                                   | |
| Plaintiff,          )              | |
| )                                   | |
| v.                                 )  | CIVIL ACTION NO. 2:12cv381-CSC |
| )                                   | (WO) |
| MICHAEL J. ASTRUE,                 ) | |
| Commissioner of Social Security,   ) | |
| )                                   | |
| Defendant.          )              | |

**MEMORANDUM OPINION**

**I.  Introduction**

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq*., and supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq*., alleging that he was unable to work because of a disability.  His application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ").  Following the hearing, the ALJ also denied the claim.  The Appeals Council rejected a subsequent request for review.  The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The case is now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and 1383(c)(3).  Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

73.1, the parties have consented to entry of final judgment by the United States Magistrate Judge.  Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be affirmed.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .

To make this determination,[2] the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1)  Is the person presently unemployed?
> (2)  Is the person's impairment severe?
> (3)  Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4)  Is the person unable to perform his or her former occupation?
> (5)  Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI).  The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker,* 651 F.2d 408 (5th Cir. 1981) (Unit A).

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). Substantial evidence is "more than a scintilla," but less than a preponderance: it "is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (quotation marks omitted). The court "may not decide the facts anew, reweigh the evidence, or substitute . . . [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (alteration in original) (quotation marks omitted).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.  The Issues

**A. Introduction.** The plaintiff was 42 years old on the date he applied for benefits (R. 87, 91), and 44 years old at the time of the hearing before the ALJ. (R. 22). He has a tenth grade education. (*Id*.). Following the administrative hearing, the ALJ concluded that the plaintiff has a severe impairment of "spondylosis of the cervical and lumbar spine." (R. 13). The ALJ determined that "the claimant has the residual functional capacity perform the full range of medium work as defined in 20 CFR 404.1567(c) and 416.967(c)." (*Id*.)

Following the hearing, the ALJ concluded that the plaintiff could return to his past relevant work as a truck driver, and thus, concluded that the plaintiff was not disabled. (R. 15).

**B. Plaintiff's Claims**. As stated by the plaintiff, he presents the following issues for the Court's review:

1. The Commissioner's decision should be reversed, (sic) because there is absolutely no support for the ALJ's Residual Functional Capacity (RFC) assessment as the record is devoid of any RFC assessments from any physicians whatsoever and the ALJ failed to explain the weight accorded to many of the medical opinions of record.

2. The Commissioner's decision should be reversed, (sic) because the ALJ failed to issue credibility finding (sic) in compliance with the law of the Eleventh Circuit.

(Doc. # 12, Pl's Br. in Supp. of Compl. at 5).

## IV. Discussion

A disability claimant bears the initial burden of demonstrating an inability to return to his past work. *Lucas v. Sullivan*, 918 F.2d 1567 (11th Cir. 1990). In determining whether the claimant has satisfied this burden, the Commissioner is guided by four factors: (1) objective medical facts or clinical findings, (2) diagnoses of examining physicians, (3) subjective evidence of pain and disability, e.g., the testimony of the claimant and his family or friends, and (4) the claimant's age, education, and work history. *Tieniber v. Heckler*, 720 F.2d 1251 (11th Cir. 1983). The ALJ must conscientiously probe into, inquire of and explore all relevant facts to elicit both favorable and unfavorable facts for review. *Cowart v. Schweiker,* 662 F.2d 731, 735-36 (11th Cir. 1981). The ALJ must also state, with sufficient

specificity, the reasons for his decision referencing the plaintiff's impairments.

> *Any* such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual *shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.*

42 U.S.C. § 405(b)(1) (emphases added). Within this analytical framework, the court will address the plaintiff's claims.

**A. Residual Functional Capacity ("RFC") Assessment**. The plaintiff alleges that the ALJ's RFC finding that he can perform medium work is not supported by substantial evidence because "the record is devoid of any RFC assessments from any physicians whatsoever." (Doc. # 12, Pl's Br. at 5). Eubanks further argues that the ALJ failed to properly consider or discuss all of the medical evidence in determining his RFC. (*Id*. at 6-12).

The ALJ determined that the plaintiff could perform work at the medium exertional level. (R. 13). The medical evidence fully supports his conclusion. Eubanks applied for disability benefits on June 11, 2008, alleging he became disabled on September 14, 2007. (R. 87, 91). In his disability report, he alleged he was disabled due to "degenerative disk disease in his back." (R. 111).

> The disks in my back are degenerating, and I am in constant pain due to my condition. I have problems getting around due to the pain/weakness in my back. I cannot sit, stand or stay in any position for long periods of time. I cannot do any type of heavy lifting or pulling. I have also started falling in recent months because my legs will just give out on me.

(*Id*.).  During the administrative hearing, Eubanks testified that he is unable to work due to back pain.[4]  (R. 23-24).

On March 12, 2003, Eubanks complained to Dr. J. W. Johnson at the Red Level Clinic about pain in his neck.  (R. 160).  At that time, he reported "a history of disc problems in his low back that has bothered him off and on for years but it is not bothering him very much at the present time."  (*Id*.)  Dr. Johnson diagnosed neck pain and prescribed Dilaudid.  (*Id*.).  On March 31, 2003, the plaintiff had x-rays and a MRI of his cervical spine.  (R. 150-51).  The MRI revealed

> 1. Degenerative disc disease of the intervertebral discs between C-5 and C-6 and C-6 and C-7.
> 2. Right paracentral herniation of the intervertebral foramina between C-5 and C-6.
> 3. Stenosis of the right and left intervertebral foramina between C-5 and C-6 secondary to the degenerative disc disease.
> 4. Normal cervical portion of the spinal cord.

(R. 150).  X-rays confirmed "slight narrowing" of the intervertebral discs and foramen.  (R. 151).  Dr. Johnson continued to treat Eubanks with Dilaudid.  (R. 162-67).

On November 12, 2003, Eubanks reported that his neck was much improved, but he

---

[4] To the extent that Eubanks argues that the ALJ "fails to address any limitations with regard to grasping and fingering, as well as breathing," he is entitled to no relief.  *See* Doc. # 12, Pl's Br. at 10).  At no point does Eubanks allege that he has any impairment related to his hands or his breathing.  At the administrative hearing, Eubanks specifically testified that he had no problems with his hands.

> Q: Okay.  Do your hands work okay?  Can you pick up small items like a telephone or a pot of water off the stove?
>
> A: Yes.

(R. 28).

complained about pain in his lower back. (R. 168).  Because Eubanks reported "good relief" from Dilaudid, Dr. Johnson prescribed that medication for his back pain.  (*Id*.)  Dr. Johnson treated Eubanks until April 26, 2004, when Dr. Johnson ascertained that Eubanks was selling his prescription pain medication rather than taking it.  (R. 177).

Eubanks did not see another physician until he underwent a physical consultative examination at the request of the Social Security Administration on September 3, 2008.  (R. 185-89).  At that time, Eubanks complained of back and neck pain.  (R. 185).  Dr. Vyas noted that Eubanks was "not in pain or distress" during the evaluation.  (R. 187).

> The patient has vague tenderness in the posterior neck.  He can flex and extend the neck pretty normally.  He can rotate the neck laterally about 30-40 degrees.  He can bend the neck sideways about 25-30 degrees.  He says it hurts him when he does that.  His shoulders, elbows, wrists and fingers are unremarkable.  He has some tenderness in the lumbosacral area.  The leg raising at the hip joints is normal up to about 60-65 degrees and passively he can raise to about 70 degrees.  The knees, ankle, calf and thigh are normal. His gait is normal.  He can bend forward about 75-80 degrees, he can bend backward about 10 degrees, sideways about 15-20 degrees.  He could squat with the help of the table all the way down and get up but he says his knees and back hurts when he does that.  He can walk on his toes.  He can walk on the heel.  He has some pain but he is able to do this and his gait is normal.

(R. 188)

Dr. Vyas opined as follows:

1. Chronic neck pain with some radiation in the arms, cannot rule out nerve root compression with Degenerative Joint Disease.
2. Chronic lumbosacral pain probably from some degree of Degenerative Joint Disease.
3. History of cleft palate surgery.
4. History of heavy smoking for an extended period of time.
5. Previous history of alcoholism and drug abuse.

7

(*Id*.).

X-rays revealed "minimal lumbar spondylosis" with disc space narrowing at L2-L3. (R. 189).

On February 11, 2009, Eubanks presented to the Andalusia Regional Hospital emergency room complaining of chest and back pain. (R. 200-05). Eubanks had fallen and fractured his ribs. (R. 202, 204). X-rays revealed fractured ribs as well as "[v]ery mild to mild osteoarthritic changes to the thoracic spine." (R. 203).

On July 30, 2009, Eubanks returned to Dr. Johnson complaining of back pain. (R. 208). Dr. Johnson noted that Eubanks "seems to primarily want to get disability."

> He said that he has applied for disability and they have turned him down and he wants us to get him on disability. We had a long discussion with him about what we can and cannot do in the fact that we cannot help him get on disability. He seemed to be quite upset with that.

(*Id*.) Dr. Johnson noted that Eubanks had good range of motion of his joints, including his back. (*Id*.)

It is the ALJ's duty to determine the plaintiff's residual functional capacity based on all the evidence of record; he is not required to rely solely on a physician's assessment. "The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments. 20 CFR § 404.1545(a). Along with his age, education and work experience, the claimant's residual functional capacity is considered in determining whether the claimant can work. 20 CFR § 404.1520(f)." *Lewis v. Callahan,* 125 F.3d 1436, 1440 (11th Cir. 1997). In determining

Eubanks' residual functional capacity, the ALJ said

> [a]fter careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of medium work as defined in 20 CFR 404.1567(c) and 416.967(c). This finding is based on the reports and opinions of Dr. Vyas which are congruent with x-ray evidence.
>
> In making this finding, the undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p. The undersigned has also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p.

(R. 13-14).

According to Eubanks, the ALJ should secured a RFC assessment from a physician or gotten another consultative physical evaluation. The ALJ fulfilled his obligation to secure a consultative physical examination when he referred Eubanks to Dr. Vyas.[5] The plaintiff conveniently ignores the medical evidence that suggests that his physical impairments are not as severe as he asserts.

Pursuant to the substantial evidence standard, this court's review is a limited one; the entire record must be scrutinized to determine the reasonableness of the ALJ's factual

---

[5] In considering a disability claim, the ALJ must fully and fairly develop the facts, including ordering a consultative examination if necessary to make an informed decision. *See Reeves v. Heckler*, 734 F.2d 519, 522 (11th Cir. 1984); *Ford v. Secretary of Health and Human Servs.*, 659 F.2d 66, 69 (5th Cir. Unit B 1981). However, an administrative law judge is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the administrative law judge to render a decision. *Holladay v. Bowen*, 848 F.2d 1206, 1210 (11th Cir. 1988). The regulations do not require the Commissioner to secure a consultative evaluation, nor do they create a right to a consultative examination. Moreover, the claimant has no right to a *favorable* consultative evaluation.

findings. *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992). The ALJ evaluated all the evidence before him which led him to conclude that the plaintiff can perform medium work. It is not the province of this court to reweigh evidence, make credibility determinations, or substitute its judgment for that of the ALJ. Instead the court reviews the record to determine if the decision reached is supported by substantial evidence. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Substantial evidence "is less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* Given this standard of review, the court concludes that the ALJ's residual functional capacity is consistent with the medical evidence as a whole as well as Eubanks' testimony about his impairments and abilities. In short, after a careful examination of the administrative record, the court concludes that substantial evidence supports the conclusion of the ALJ concerning Eubanks' residual functional capacity to perform medium work.

The plaintiff also argues that the ALJ failed to state with specificity the weight he gave to the medical records. An ALJ need not provide superfluous analysis of medical records about which there is no conflict. *See generally Depover v. Barnhart*, 349 F.3d 563, 567-68 (8th Cir. 2003) (no need to provide analysis of specific limitations where there is no conflicting medical evidence regarding those limitations). *See also Payne v. Comm'r of Social Sec.*, 402 Fed. Appx. 109, 111 (6th Cir. 2010) (remand would be "futile and superfluous exercise" because the ALJ determined the medical records did not support plaintiff's claim). In this case, the ALJ evaluated the testimony and medical evidence in

10

reaching his decision about Eubanks' RFC.

Moreover, the medical records to which Eubanks refers do not support his contention that he is disabled. X-rays from the Andalusia Regional Hospital on February 11, 2009, indicate that Eubanks suffers from "[v]ery mild to mild osteoarthritic changes of the thoracic spine." (R. 203). While a 2003 MRI demonstrates degenerative disc disease, Eubanks ignores evidence that indicates that narrowing between the discs is only slight. (R. 150-51). Finally, Dr. Johnson's medical records demonstrate that Dr. Johnson discontinued treatment of Eubanks in 2004 after he discovered that Eubanks was selling his prescription pain medication. Eubanks returned to Dr. Johnson in 2009 when he was seeking disability. (R. 208). At that time, Dr. Johnson noted that Eubanks had a good range of motion in all of his joints, including his back. (*Id.*).

"While the ALJ could have been more specific and explicit in his findings, he did consider all of the evidence and found that it did not support the level of disability [Eubanks] claimed." *Freeman v. Barnhart*, 220 Fed. Appx. 957, 960 (11th Cir. 2007). Thus, the court concludes that even if the Commissioner's failed to refer to all of Eubanks' medical evidence, any error was harmless. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (applying harmless error analysis in the Social Security case context). The evidence in the record supports the ALJ's findings regarding the plaintiff's residual functional capacity. Even though Social Security courts are inquisitorial, not adversarial, in nature, claimants must establish that they are eligible for benefits." *Ingram v. Comm'r of Soc. Sec. Admin.,* 496

F.3d 1253, 1269 (11th Cir. 2007) (citing *Doughty v. Apfel,* 245 F.3d 1274, 1281 (11th Cir. 2001)). *See also Holladay v. Bowen,* 848 F.2d 1206, 1209 (11th Cir. 1988). This the plaintiff has failed to do.

 **B. Credibility Finding**. Next, the plaintiff argues that the ALJ failed "to issue a credibility finding in compliance with the law of the Eleventh Circuit." (Doc. # 12, Pl's Br. at 12). "Subjective pain testimony supported by objective medical evidence of a condition that can reasonably be expected to produce the symptoms of which the plaintiff complains is *itself* sufficient to sustain a finding of disability." *Hale v. Bowen*, 831 F.2d 1007 (11th Cir. 1987). The Eleventh Circuit has established a three-part test that applies when a claimant attempts to establish disability through his own testimony of pain or other subjective symptoms. *Landry v. Heckler,* 782 F.2d 1551, 1553 (11th Cir. 1986); *see also Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). This standard requires evidence of an underlying medical condition *and either* (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition *or* (2) an objectively determined medical condition of such severity that it can reasonably be expected to give rise to the alleged pain. *Landry,* 782 F. 2d at 1553. In this circuit, the law is clear. The Commissioner must consider a claimant's subjective testimony of pain if he finds evidence of an underlying medical condition and the objectively determined medical condition is of a severity that can reasonably be expected to give rise to the alleged pain. *Mason v. Bowen*, 791 F.2d 1460, 1462 (11th Cir. 1986); *Landry*, 782 F.2d at 1553.

After reciting the law, the ALJ acknowledged that Eubanks has an impairment that would reasonably be expected to produce the symptoms about which he complains but the ALJ then concluded that his testimony was not credible.  (R. 14).

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairment could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent that they are inconsistent with the above residual functional capacity assessment.
>
> The claimant's allegations of pain and functional limitations to the degree alleged are not supported by the record of evidence.  The claimant underwent a consultative examination on September 3, 2008, by Dr. Vijay C. Vyas.  The claimant, as he did at the hearing, complained of back and neck pain; however, he acknowledged that he had not been compliant with his medication regime.  He also contended that he had not seen an orthopedic physician or any pain clinic.

(*Id.*).

Prior to applying for disability, Eubanks had not sought medical attention for several years.  Prior medical treatment was discontinued based on Eubanks' actions related to his pain medication.  Even after he applied for disability, Eubanks sought medical attention sporadically and in an effort to obtain disability benefits.  Where an ALJ decides not to credit a claimant's testimony, the ALJ must articulate specific and adequate reasons for doing so, *or the record must be obvious as to the credibility finding.  Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (emphasis added); *Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence).  The objective, medical records, coupled with Eubanks' own testimony, demonstrate that his

allegations regarding the extent of his pain were not credible to the extent alleged. Moreover, the frequency with which Eubanks sought medical treatment and the timing of his complaints militates against his credibility. *See Dyer*, 395 F.3d at 1211-12. Consequently, the ALJ's reasons and conclusions that Eubanks' testimony is inconsistent with the medical records are sufficient to support his credibility conclusion which the court will not disturb.

## V. Conclusion

The court has carefully and independently reviewed the record and concludes that substantial evidence supports the ALJ's conclusion that plaintiff is not disabled. Thus, the court concludes that the decision of the Commissioner is supported by substantial evidence and is due to be affirmed.

A separate final judgment will be entered.

Done this 19th day of November, 2012.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE